47 F.3d 1183
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen J. QUIRING, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3470.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1995.
 
 63 M.S.P.R. 71.
 VACATED AND REMANDED.
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Stephen J. Quiring appeals from a decision of the Merit Systems Protection Board (MSPB or Board) denying his petition to enforce a prior Board decision that ordered the United States Postal Service (Agency) to pay Quiring back pay. We vacate and remand.
 
 
 2
 The Agency suspended Quiring from October 6, 1989 through December 20, 1989. Effective December 20, 1989, the Agency demoted Quiring from his position as Supervisor, Mails and Delivery, EAS-15/3 to Letter Carrier, PS-5/0. Quiring appealed to the MSPB. In an initial decision dated May 2, 1990, an Administrative Judge (AJ) affirmed the Agency's decision to demote Quiring, but reversed the Agency's decision to suspend.[1] The AJ therefore ordered the Agency to show Quiring in the pay status of a Supervisor from October 6 through December 20, 1989, with attendant pay and benefits. The AJ further ordered the Agency to give Quiring his benefits, and back pay, with interest, for the period of his suspension.
 
 
 3
 A dispute arose between Quiring and the Agency over the amount of money owed Quiring. On November 3, 1993, Quiring filed an enforcement petition with the MSPB. Under the supervision of a different AJ, settlement negotiations were begun. The parties disagree over whether settlement was reached. On February 7, 1994, however, the AJ issued an initial decision dismissing Quiring's enforcement petition. Absent citation to legal authority, the entire analysis of the AJ is as follows:
 
 
 4
 The parties entered into a settlement agreement which by mutual consent has been placed into the record. See Appeal File, Tab 11. [FTN: The settlement agreement was taken orally and tape recorded. See Appeal File, Tab 11.] I have reviewed the terms of the settlement agreement and find it voluntarily entered into, understood by the parties, and lawful on its face. See id.
 
 
 5
 The record reveals that the parties desire to make the settlement agreement enforceable by the Board. See id. Settlement agreements which are formally entered into the record may later be enforced by the Board. Thus, the agreement will be accepted as dispositive of the petition for enforcement.
 
 
 6
 Quiring v. United States Postal Serv., No. PH-0752-90-0192-C-1, slip op. at 2 (Merit Sys. Protection Bd. Feb. 7, 1994).[2]
 
 
 7
 Quiring appeals to this court, claiming that there was no binding settlement agreement, merely negotiation. Therefore, he argues, the Board's order granting him back pay should be enforced.
 
 
 8
 The Agency argues that the AJ clearly held that the parties reached a settlement, and if Quiring wishes to dispute that holding, he must produce evidence that no settlement was reached. Quiring has not done so. The Agency thus contends that Quiring's appeal should therefore be dismissed, leaving the Board's decision in place.
 
 Congress has provided that this court
 
 9
 shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
 
 
 10
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 11
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 12
 (3) unsupported by substantial evidence ...
 
 
 13
 5 U.S.C. Sec. 7703(c) (1988) (emphasis supplied).
 
 
 14
 In this case, the Board dismissed a petition to enforce its own order based upon the terms of an oral settlement agreement, a contract.[3] The record before us, however, is devoid of any tape, transcript, or other written document that provides the terms of this alleged settlement agreement. The index to the administrative record makes no mention of a settlement agreement. In its brief, the Agency concedes that the alleged agreement is not in the record. We do not even have an account of the contents of the alleged agreement. On the record, we cannot say that the Board's decision is supported by substantial evidence. Therefore the decision of the Board must be vacated, and the case remanded to the Board for proceedings consistent with this opinion.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 [1]
 Quiring v. United States Postal Serv., No. PH07529010192 (Merit Sys. Protection Bd. May 2, 1990). The full Board denied Quiring's petition for review, Quiring v. United States Postal Serv., No. PH07529010192 (Merit Sys. Protection Bd. Sept. 21, 1990), and the initial decision became final. See 5 C.F.R. Sec. 1201.113(b). The Board's decision was affirmed per curiam. Quiring v. United States Postal Serv., 937 F.3d 623 (Fed.Cir.1991) (Table)
 
 
 [2]
 The full Board denied Quiring's petition for review, Quiring v. United States Postal Serv., No. PH-0752-90-0192-C-1 (Merit Sys. Protection Bd. June 2, 1994), and the initial decision became final. See 5 C.F.R. Sec. 1201.113(b)
 
 
 [3]
 We do not address the extent to which an order of the Board may be modified by subsequent negotiation between an agency and an employee. Nor do we address the legal efficacy of oral, as opposed to written, settlement agreements